UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.
ZACKARY WRIGHT,

Petitioner,

v.                                      Case No. 10-cv-8278

DAVE REDNOUR, Warden,                   Judge John W. Darrah
Menard Correctional Center,

Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Zackary Wright, proceeding *pro se*, has filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 against Dave Rednour, Warden of Menard Correctional Center, Illinois.

### BACKGROUND

On November 22, 2004, Ashley Moody and Lance Hill were shot while sitting in their parked car in Riverdale, Illinois. Moody was shot three times in the head and did not survive. Hill was shot four times, but he survived. During the course of their investigation, the police had come to suspect a person named Zack, who lived at the southeast corner of 106th and S. Lafayette Street and who had a brother named Calvin that had recently been robbed. On November 26, 2004, the police received an anonymous call from a woman, claiming to have information from the shooting. The woman stated that Zackary Wright was involved in the shooting of Moody and Hill and

that she received this information from a family member. The woman stated that Wright's possible motive was the robbery of his brother, Calvin. The anonymous caller also provided an address at which the police could locate Wright; this address matched the address at 106th Street and Lafayette Street the police had already identified. This address had not been released to the public so the anonymous caller would have had no way of knowing this information otherwise. When the police ran a search for the name Zackary Wright, the database indicated that his address was 10656 S. Lafayette Avenue. On November 29, 2004, the police went to this address and encountered Calvin Hawkins. Hawkins verified that he was Wright's brother and that he had recently been robbed. The police saw Wright exit from the back of the residence, and the police arrested Wright without a warrant.

Thereafter, in a videotaped confession, Wright admitted he and another defendant were the shooters. Before trial, the police approached Demetria Davis, who had witnessed Wright and two other individuals discuss plans to murder Hill hours before the murder occurred. Shortly before trial, Davis identified Wright's photograph out of a photographic lineup. Davis also testified as a witness for the government at Wright's jury trial. On April 19, 2006, Wright was found guilty of one count of first-degree murder and one count of attempted first-degree murder and was sentenced to consecutive prison terms of sixty years and thirty years, respectively.

Wright appealed his conviction in his direct appeal to the Illinois Appellate Court and argued for reversal because: (1) the police lacked probable cause for his warrantless arrest and, thus, his videotaped confession and identification by Davis should be

suppressed; (2) photographic identification by Demetria Davis should be suppressed; and (3) he was denied a fair trial by certain remarks the prosecution made during closing argument. The Appellate Court affirmed Wright's conviction on June 30, 2009. *People v. Wright*, No. 1-07-0593, (Ill. App. Ct. Jun. 30, 2009) (*Wright*). The Appellate Court noted that the first two grounds for Wright's appeal were also the bases for motions that Wright filed in the Circuit Court to quash arrest and suppress evidence based on a claim that the police lacked probable cause for the warrantless arrest. Wright also filed a motion to suppress Davis's identification of Wright in a photograph array because a physical lineup was feasible. The Circuit Court denied both of these motions, and the Appellate Court affirmed the trial court's rulings.

Wright filed a petition for leave to appeal ("PLA") in the Illinois Supreme Court. On January 27, 2010, the Illinois Supreme Court denied the PLA. On December 30, 2010, Wright filed the instant *pro se* petition for *habeas corpus* relief under 28 U.S.C. § 2254, asserting that: (1) his arrest was illegal, and (2) his videotaped confession and Davis's identification should have been suppressed as the fruit of unlawful arrest. (Dkt. No. 1 at 5.)

## LEGAL STANDARD

*Habeas corpus* relief will not be granted unless the state court's adjudication of a claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

3

proceeding." 28 U.S.C. § 2254(d)(2). The federal court deferentially reviews the decision of the last state court. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). State-court factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (citing 28 U.S.C. § 2254(e)(1)). Federal courts liberally construe *pro se* petitions for *habeas corpus* relief. *Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004).

A federal *habeas* court "may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003). The court can issue a writ only if it determines that the state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*, 562 U.S. 362, 409 (2000). It is a difficult standard to meet because unreasonable means "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003).

## ANALYSIS

### Fourth Amendment Claims

Wright's first assertion in support of his petition is that the state court erred in finding that the police had probable cause to arrest him based on the anonymous caller's identification. Wright presented this claim to the Circuit Court, the Illinois Appellate Court, and the Illinois Supreme Court. The trial court denied Wright's motion to quash the warrantless arrest. In affirming the trial court's ruling, the Appellate Court looked at the totality of the circumstances and found that the police had probable cause to arrest

4

Wright. *Wright*, at 11. The Appellate Court noted that before receiving the telephone call, the police's investigation led them to suspect a person named Zack, who lived at the southeast corner of 106th and S. Lafayette Street and who had a brother named Calvin that had recently been robbed. The anonymous caller stated that a person named Zack Wright was involved in the shooting, and the caller suggested that a possible motive was the robbery of Wright's brother. Furthermore, the caller provided an address that was corroborated by the police's prior independent investigation. The Appellate Court found that based on the telephone call and other information the police had that corroborated the caller's information, the police had probable cause to arrest Wright. *Wright*, at 11 (citing *People v. Williams*, 305 Ill. App. 3d 517, 524 (1999)).

Second, Wright also argues that his videotaped confession and Davis's pre-trial identification should have been suppressed because they were fruit of an illegal arrest. Wright also presented this argument to the Circuit Court and the Appellate Court. The Circuit Court denied Wright's motion to suppress this evidence. In affirming the trial court's ruling, the Appellate Court found that the police had probable cause to arrest Wright; and therefore, his videotaped confession should not be suppressed. *Wright*, at 12. The Appellate Court also found that even if there was no probable cause to arrest Wright, Wright's confession was admissible because Wright's confession satisfied the four factors articulated in *Brown v. Illinois*, 422 U.S. 580, 601-02 (1975). *Id.* As with Wright's videotaped confession, the Appellate Court found that Davis's pre-trial identification was not fruit of an illegal arrest because there was probable cause to arrest Wright. *Id.* at 13. Furthermore, the Appellate Court noted that the police were aware that

Davis had information related to the shooting before they became aware that Wright was a suspect. *Id.* Therefore, Davis was not discovered as a witness as a result of Wright's arrest, in any event.

The Fourth Amendment provides the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465 (1976) (*Stone*). A defendant receives a full and fair opportunity to litigate his Fourth Amendment claim if (1) he has clearly had an opportunity to inform the state court of the factual basis of his claim and has argued that those facts constitute a violation of his Fourth Amendment rights, (2) the state court has thoroughly and carefully analyzed the facts, and (3) the state applied the proper constitutional case law to the facts. *See Hampton v. Wyant*, 296 F.3d 560, 563 (2002) (*Hampton*). An error itself does not justify relief under *Stone;* it takes an "egregious error" to imply that the state court closed its ears and minds to an argument to justify relief. *See Hampton*, 296 F.3d at 564.

In the instant case, Wright clearly had an opportunity to inform the Circuit Court of the factual bases of his Fourth Amendment claims; and he clearly argued those facts in his motions to quash arrest and suppress evidence. Wright also presented the facts and argument before the Appellate Court and Illinois Supreme Court. While Wright disagrees with the Circuit Court's and the Appellate Court's conclusions, the state courts

6

thoroughly and carefully reviewed the facts and applied the proper constitutional law to those facts. *See Hampton*, 296 F.3d at 564 (an error, no matter how obvious, matters only in conjunction with other circumstances that imply refusal by the state courts to take seriously its obligation to adjudicate Fourth Amendment claims). Since the state courts allowed Wright a "full and fair" opportunity to litigate his Fourth Amendment claim, Wright may not pursue either of his Fourth Amendment claims in his federal *habeas* petition. *Stone*, 428 U.S. at 494 ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *Cabrera v. Hinsley*, 324 F.3d 527, 530-31 (7th Cir. 2003) (noting that Fourth Amendment claims are "outside the scope of the [federal *habeas corpus*] statute."). Accordingly, federal *habeas corpus* relief may not be granted based on Wright's Fourth Amendment claims.

*Certificate of Appealability*

Rule 11 of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. "A certificate of appealability may issue under paragraph (1) only if the application has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Wright has failed to make a substantial showing of the denial of a constitutional right in the instant petition. Accordingly, a certificate of appealability shall not issue.

## CONCLUSION

For the reasons stated above, Zackary Wright's Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 is denied.

Date: April 5, 2011

JOHN W. DARRAH
United States District Court Judge